Filed 12/11/23  P. v. Lopez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

|  |  |
|---|---|
| THE PEOPLE, | C098628 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF080001476) |
| v. | |
| SALVADOR LOPEZ, | |
| Defendant and Appellant. | |

Defendant Salvador Lopez appeals the trial court's denial of his petition for resentencing under Penal Code section 1170, subdivision (d).[1]  Appointed counsel for defendant filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  After independently examining the record, we will affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

# I. BACKGROUND

The facts of the offenses are recounted in our prior opinion from defendant's direct appeal. (See *People v. Lopez* (Feb. 18, 2015, C060565) [nonpub. opn.].) As relevant here, in 2008, a jury found defendant guilty of premeditated attempted murder (§§ 187, 664) and participation in a criminal street gang (§ 186.22, subd. (a)). As to the attempted murder conviction, the jury found that defendant intentionally and personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)) and that he committed the offense for the benefit of a criminal gang (§ 186.22, subd. (b)(1)(C)). As to the participation in a street gang conviction, the jury found that defendant personally used a firearm (§ 12022.5, subd. (a)). After finding the information had not properly alleged premeditated attempted murder, the trial court sentenced defendant to the upper term of nine years for attempted murder and a consecutive 25 years to life for the section 12022.53, subdivision (d) enhancement. The court stayed punishment for the street gang conviction and the section 12022.5, subdivision (a) enhancement. The court struck the street gang enhancement in the interest of justice.

In 2023, defendant filed a petition seeking relief under section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608. The trial court denied the petition because defendant "was not sentenced to life without parole or the functional equivalent" and "ha[d] not met the other statutory requirements for relief." Defendant filed a timely notice of appeal.

# II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Defendant was not notified that his failure

2

to file a supplemental brief may result in dismissal of the appeal. Accordingly, although we are not required to independently review the record in these circumstances (see, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 226), in the interest of justice, we have done so. We find no arguable errors that are favorable to defendant.

### III.  DISPOSITION

The judgment is affirmed.


/S/

_____

RENNER, J.



We concur:


/S/

_____

MAURO, Acting P. J.


/S/

_____

MESIWALA, J.